IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV301-03-MU

| | |
|---|---|
| JAMES MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DAVID MITCHELL; D.H. BREWER, ) | |
| JOHNNY TAYLOR III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Defendants' Motion for Judgment on the Pleadings (Document No. 20) and Plaintiff's Motion for TRO and/or PI (Document No. 15).

Plaintiff filed a 42 U.S.C. § 1983 civil rights action on December 10, 2003. Plaintiff alleges that Johnny Taylor, a hearing officer at Odom Correctional Institution violated his Constitutional rights by taking disciplinary action against him when he failed to produce a urine sample on demand due to prostatitis. Plaintiff also alleges that Defendants David Mitchell and D.H. Brewer violated his constitutional rights by informing him he would not be allowed a alternative method for testing in the future.

**Exhaustion**

At the outset the Court notes that it appears that Plaintiff did not exhaust his administrative remedies against any of the named defendants prior to filing this case in federal court. While Plaintiff has not attached his original grievance to his Complaint, he has attached the Department of Corrections response to the third level of the grievance process. In that response, the grievance examiner states that Plaintiff filed his original grievance on July 2, 2003 while still housed at Odom

Correctional Institution. The only defendant in this action who worked at Odom was Defendant Taylor, the hearing officer who found that Plaintiff was guilty of failing to produce a urine sample. Presumably then, Defendant Taylor was the only defendant who could have possibly been named in the initial grievance. However, the response by the Department of Corrections does not mention Defendant Taylor or address the disciplinary hearing at all. The fact that Defendant Taylor or the disciplinary hearing are not mentioned in the Department of Corrections response causes the Court to conclude that Defendant Taylor was not named in Plaintiff's initial grievance. Furthermore, Plaintiff's grievance could not have named Defendants Mitchell and Brewer given that it was filed while Plaintiff was still housed at Odom and prior to this transfer to Mountain View where both Defendants Brewer and Mitchell work. The Court notes that the Department of Corrections response to Plaintiff's grievance cites to a statement made by Defendant Brewer concerning Plaintiff's medical condition, however that statement was made at the request of the grievance examiner and in Defendant Brewer's professional capacity as a nurse in the Medical Department and not as a named individual in the grievance.

Therefore this Court concludes that Plaintiff did not exhaust his administrative remedies against the defendants named in this action prior to filing this lawsuit in federal court. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal

standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."

Plaintiff's case is therefore dismissed for failure to exhaust and for the reasons outlined in this Order.

**Defendants' Motion for Judgment on the Pleadings**

In response to Plaintiff's Complaint, Defendants filed a Motion for Judgment on the Pleadings arguing that Plaintiff's Complaint should have been filed as a habeas corpus proceeding and not as a § 1983 claim. Defendants argue that the holding in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) governs the disposition of this case in that the relief Plaintiff is requesting necessarily implicates the validity of his continued confinement; therefore, Plaintiff's § 1983 Complaint must be dismissed because it should have ben filed as a habeas corpus action.

Defendants concede that the Fourth Circuit has not applied the <u>Heck</u> analysis to disciplinary proceedings but instead refer to cases from the D.C. Circuit and the Eighth Circuit to support their argument that Plaintiff's Complaint should be dismissed. However, the three cases cited by Defendants all involve the loss of good time credits. Each Court held that the a successful challenge to the loss of good time credits necessarily implicates the validity of continued confinement.

In the instant case, Plaintiff alleges he was wrongfully disciplined and asks for an alternative method for urine testing in the future. While Plaintiff's discipline included 60 days in segregation and a loss of 30 days of credit, the thrust of Plaintiff's argument is not restoration of good time credits. Instead Plaintiff claims he has a medical condition that limits his ability to provide a urine specimen on demand. Due to this medical problem, which Plaintiff classifies as a disability, Plaintiff contends that Defendants should allow for an alternative method to collect his urine. Consequently,

this Court concludes that Defendants' motion oversimplifies Plaintiff's claim and completely ignores the claim against Defendants Mitchell and Brewer.

**Defendant Taylor**

Further, Defendants' motion appears to be directed only at the claim against Defendant Taylor. Defendant Taylor is a hearing officer at Odom Correctional Institution[1] who presided over Plaintiff's hearing in which Plaintiff was disciplined for failing to comply with a request for a urine specimen. While Plaintiff was housed at Odom, he was written up for failure to comply with a request for a urine sample, Plaintiff was given a hearing at which statements from Nurses Carolyn Hux and Martene Underdue were provided. Nurse Hux's statement that Plaintiff had been seen for reported difficulty with urination; however, Plaintiff was able at that time to produce a urine sample without difficulty. Nurse Hux also stated that Plaintiff should be able to use the bathroom after drinking water. (Item #2 attached to Plaintiff's Complaint.) Nurse Underdue's statement simply indicated that Plaintiff had been seen by the prison's Medical Department for complaints of lower back pain, pelvic pain and prostatitis. Plaintiff stated during the hearing that he had been going to the Medical Department for over six months due to severe pain and problems urinating. (Id.) Plaintiff explained that on the day he was asked to give a urine sample, he had just used the bathroom a few minutes prior to the officer requesting the urine sample. (Id.) Nevertheless, based on the reporting officers's statement, the witnesses' statements and Plaintiff's testimony, Officer

---

[1] Odom Correctional Institution is located in Jackson, North Carolina which is in Northampton County situated within the Eastern District of North Carolina. Therefore the most appropriate venue for a claim against Defendant Taylor is the Eastern District of North Carolina. However, given that this case was filed over two years ago and the remaining two defendants work at a facility situated within this district, this Court will exercise its jurisdiction to adjudicate the entire case. See 28 U.S.C. §1391(b).

4

Taylor found that Plaintiff was guilty of the infraction of failing to provide a urine sample.

Plaintiff alleges that he was wrongfully disciplined for not providing a urine sample because he has a medical problem which caused his inability to urinate. While some medical evidence was brought out during Plaintiff's disciplinary hearing, there was no conclusive medical evidence that Plaintiff is unable to urinate on demand. In fact, Nurse Hux expressly noted that Plaintiff was able to produce a urine sample without difficulty despite his complaint of difficulty with urination. The Court concludes that the evidence supported Defendant Taylor's decision. <u>Superintendent, Mass. Correctional Inst., v. Hill</u>, 472 U.S. 445, 457 (1985). Based on the facts and evidence contained in Plaintiff's Complaint and the attachments to Plaintiff's Complaint, Plaintiff has failed to state a claim for relief against Defendant Taylor. Therefore Defendant Taylor will be dismissed from this action.

**Defendants Mitchell and Brewer**

On the other hand, Defendants' argument in their Motion for Judgment on the Pleadings does not at all address the claims against Defendants Mitchell and Brewer, and therefore that motion is DENIED as to those individuals. However, that does not end the discussion.

Plaintiff seeks injunctive relief in the form of an alternative test for urine collection and contends that "[defendants] David Mitchell and R.N. Brewer have advised Plaintiff that no alternative method will be allowed at Mountain View in the future even with documented medical need and matters beyond human control." (Complaint at 4.)

After Plaintiff filed his grievance regarding alternative testing, at the third step of the process, Plaintiff was directed "to inform the custody staff to contact medical when they are trying to obtain a urine specimen and there is a problem." The Court has reviewed the entire record in this matter

and there is no evidence that Plaintiff ever followed this directive. In his Motion for a TRO, Plaintiff states that he "show[ed] this grievance response to the medical staff and ask[ed] for a A490 medical slip that would allow him a alternative test." Plaintiff claims that the medical staff refused to provide him with this A 490 medical slip for an alternative test because they can treat him for his diagnosed illness and they cannot interfere with custody's affairs.

A review of the Department of Corrections's response to the third step of the grievance reveals that Plaintiff was directed to inform the custody staff to contact the Medical Department when they needed a urine specimen, but were having difficulty obtaining one. Admittedly, the Plaintiff has failed to follow this procedure. Instead, Plaintiff's evidence reveals that Plaintiff showed personnel in the Medical Department the grievance response and asked for a A490 form so that he could have an alternative test. However, the grievance response did not call for an alternative test. The Department of Corrections responded to Plaintiff's grievance in an attempt to assure that they could get urine from the Plaintiff and would not have to discipline Plaintiff for his failure to comply if he, in fact, had trouble complying. The Department of Corrections response was reasonable and there is no evidence before this Court that the proposed procedure for dealing with collection of urine from Plaintiff failed after this grievance response. There is no evidence before this Court that Plaintiff ever failed to give urine for a required test and was disciplined for such failure after the response to the third step of the grievance process. Rather, Plaintiff is asking this Court to order the Department of Corrections to provide an alternative test procedure for him whenever a urine specimen is required.

It is well established that absent extraordinary circumstances, federal courts shall not immerse themselves in the administration of the prison system or substitute their judgment for that

6

of those charged with running such facilities. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Federal courts are not to be in "the business of running prisons." Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C. Cir. 1998). Even in cases where there has been a finding by the courts that unconstitutional conditions exist, federal courts must proceed cautiously in fashioning the least intrusive remedy available so as not to assume the role of prison administrators. United States v. Michigan, 940 F.2d 143, 167-68 (6th Cir. 1991). In the instant case, this Court finds that the Department of Corrections response to Plaintiff's grievance was reasonable, therefore, the Court cannot and will not interfere in the internal operations of the Department of Corrections by overruling a reasonable solution and imposing an alternative test designed specifically for the Plaintiff. The relief Plaintiff is requesting is DENIED.

**Americans With Disabilities Act**

Plaintiff further argues that he has been discriminated against in violation of the Americans with Disabilities Act based upon his custodian's treatment of his medical condition and asks this Court to order that he be given an alternative test when a urine specimen is required . However, this claim must be flatly rejected.

First, Plaintiff has not established that he has a "disability." Second, the medical evidence Plaintiff has provided in support of his diagnosis consists merely of a statement by Defendant Brewer that Plaintiff previously was "diagnosed with possible chronic prostatitis"; and that such condition "could effect [Plaintiff's] ability to void on demand." (Item 1 attached to Plaintiff's Complaint.) This "evidence" is far from a definitive diagnosis.[2] Furthermore, even if Plaintiff has a definitive

---

[2] The Court notes that Plaintiff relies on Defendant Brewer's statement regarding Plaintiff's diagnosis with "possible chronic prostatitis" as his medical evidence that he has in fact been diagnosed with prostatitis. Plaintiff has not tendered any medical documentation to this

7

diagnosis of prostatitis, which condition could interfere with his ability to urinate on demand, Plaintiff has failed to establish how Defendant's plan for obtaining a urine specimen in the future violates his constitutional rights.

While the Americans with Disabilities Act("ADA") has been applied to state prisoners, Pennsylvanian Dep't of Correction v. Yeskey, 524 U.S. 206, 210 (1998); Amos v. Maryland Dep't of Public Safety, 178 F.3d 212, 218 (4th Cir. 1999), the ADA limits itself by requiring only that the institution make "reasonable" accommodations for the disabled that are not unduly burdensome. Id.. at 220. Here, as has been noted, the Department of Corrections responded to Plaintiff's grievance for an alternative method for collecting his urine by directing Plaintiff to inform his custodians to contact the Medical Department when they needed a urine specimen but had trouble obtaining one. Plaintiff has not established that this "accommodation" was not reasonable or unworkable. This Court finds that this "accommodation" is reasonable.

Furthermore, as has been previously stated, there is no evidence before this Court that Plaintiff ever failed to give urine for a required test and was disciplined for such failure after allowing the directive of the Department of Corrections which was set forth in its response to the third step of the grievance process.

Consequently, Defendants' Motion for Judgment on the Pleadings is DENIED. However, the Court will dismiss Defendants Mitchell and Brewer on its own as the Plaintiff has failed to state a cognizable claim for relief as to them.

---

Court regarding his medical condition which he relies upon as supporting his "disability."

**NOW, THEREFORE, IT IS ORDERED**:

1. Defendants' Motion for Judgment on the Pleadings (Document No. 20) is DENIED.

2. Plaintiff's Motion for TRO and/or PI is DENIED.

3. This case is dismissed for failure to state a claim against Defendants Taylor, Mitchell and Brewer and also for Plaintiff's failure to exhaust his administrative remedies as to the Defendants.

4. Any remaining pending motions that the Court has not specifically addressed are denied as moot.

**SO ORDERED**.

Signed: May 10, 2006

Graham C. Mullen
United States District Judge